IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURT GALE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-5366 |
| | : | |
| STORTI, et al., | : | |
|     Defendants. | : | |

**March 19, 2008**                                                                                                    **Anita B. Brody, J.**

### EXPLANATION AND ORDER

**I.  INTRODUCTION**

On October 10, 2008, plaintiff Kurt Gale ("Gale") brought this action against defendants Robert J. Storti ("Storti") and Diane Storti (together the "Stortis"), the Borough of Conshohocken, (the "Borough"), the Conshohocken Borough Police Department (the "Department"), Police Chief James Dougherty ("Dougherty"), and Police Officer Shawn Malloy ("Malloy") in the Court of Common Pleas of Montgomery County alleging damages arising out of an altercation on July 31, 2006.  On November 12, 2008, the defendants removed this case to the district court.  On November 14, 2008, the Borough, the Department, Dougherty, and Malloy (collectively, the "moving defendants")  moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e) (Doc. #3).

1

## II. FACTUAL BACKGROUND[1]

On July 31, 2006, Gale was removing his possessions from E.Y. Toads (the "premises"), a restaurant in Conshohocken, Pennsylvania, that he had leased from the Stortis. A lease extension agreement provided that if Gale did not vacate the premises by midnight on July 31, 2006, Storti could "immediately re-enter the premises, change locks, and take possession without any court intervention." (Moving defendants' Motion to Dismiss, Exhibit B, ¶ 5). Robert Storti informed Dougherty of the potential for a dispute with Gale and gave Dougherty documents regarding Storti's authority to evict Gale. Dougherty directed Malloy and two other police officers to accompany Storti to the premises around midnight on July 31, 2006. Malloy, Storti, and the two officers entered the premises without Gale's consent and shortly after midnight ordered Gale to stop removing his belongings and to vacate the premises immediately. When Gale continued to carry his computer away from the premises, Storti blocked his path and asked for assistance from Malloy and the officers. Gale told Storti and Malloy that he was almost finished removing his belongings and would leave within a half an hour to forty-five minutes. Malloy then stood very close to Gale and said loudly that Gale was making him angry and that Gale must leave immediately or he would be arrested for trespass. Storti changed the locks on the premises while Malloy and the other officers watched. Gale vacated the premises without all of his property. Gale never received his property, worth $50,000, from the premises. Gale seeks both punitive and compensatory damages in this action.

## III. LEGAL STANDARD AND JURISDICTION

According to Fed. R. Civ. P. 12(b)(6), a court must grant a motion to dismiss if the plaintiff fails "to state a claim upon which relief can be granted." In deciding a motion to

---

[1] Unless stated otherwise, all facts in this section are adopted from Gale's complaint and are stated in the light most favorable to Gale, the non-moving party.

dismiss pursuant to Rule 12(b)(6), the court must accept as true the well-pleaded allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. Brown v. Card Serv. Ctr., 464 F.3d 450, 452 (3d Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations omitted). Some of the claims are brought under 42 U.S.C. § 1983, therefore this Court has jurisdiction under 28 U.S.C. § 1331.

## IV. DISCUSSION

Under 42 U.S.C. § 1983 ("§ 1983"), a plaintiff may sue any person acting under color of state law who deprives the plaintiff of a constitutional right. Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006). "Although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983 ." Abbott v. Latshaw 164 F.3d 141, 147 (3d Cir. 1998). Gale concedes that the Department should be dismissed as a defendant and that all claims for punitive damages against the Borough should be dismissed. (Response to Motion to Dismiss, p. 23-24).

### A. Count I:  Illegal Entry[2]

Gale claims that the defendants, pursuant to the customs, policies, and practices of the Department and Borough, acted under the color of state law in depriving Gale of "the right to be free from illegal entries, the right to be free from assault, and the right to remove his personal property from the premises, all of which violated the Plaintiff's rights under the Fourth and

---

[2] The Counts are titled as in the complaint, although they are unusual titles for constitutional claims.

Fourteenth Amendments to the Constitution of the United States . . . in violation of § 1983." (Complaint, ¶ 50). In his response to moving defendants' Motion to Dismiss, Gale clarifies that the Fourth Amendment violations alleged are "a seizure of person and property" and that moving defendants allegedly violated Gale's due process rights under the Fourteenth Amendment. Even though Gale did not use the terms "seizure" or "due process" in the complaint when describing the alleged constitutional violations under the Fourth and Fourteenth Amendments, he states in his response that the allegations should have been clear. They were not.

**i. Seizure of Person - Fourth Amendment**

The Fourth Amendment protects people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." Brown v. Muhlenberg Tp. 269 F.3d 205, 209 (3d Cir. 2001). A person is "seized" under the Fourth Amendment if he or she does not feel free to leave. Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 147 (3d Cir. 2005). A seizure occurs whenever a police officer restrains a person's freedom and prevents him or her from walking away. Couden, 446 F.3d at 494 (citing Terry v. Ohio, 392 U.S. 1, 16 (1968)). Here, Gale does not allege that he was not free to leave. Gale asserts that because he did not want to leave the premises, but was forced to, moving defendants seized his person in violation of the Fourth Amendment. Restricting a person's ability to enter a particular area is not a seizure of that person, therefore Gale has not stated a claim under § 1983 against any of the defendants for seizing his person in violation of the Fourth Amendment.

**ii. Seizure of Property - Fourth Amendment**

A "Fourth Amendment 'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Muhlenberg Tp., 269 F.3d at 209 (citations omitted). Gale alleges that Malloy and Storti unreasonably

4

interfered with Gale's possessory interest in his property located inside the premises by forcing him to leave and changing the locks. In an analysis of whether or not the police officers interfered with Gale's possessory interest in his property, it is irrelevant that the officers do not currently have custody of the property. It is similarly irrelevant to the claim against the officers that Storti actually padlocked the premises if the officers participated in the seizure as alleged. Gale has sufficiently stated a claim under § 1983 that his Fourth Amendment right against unreasonable seizure of his property was violated by state actors and non-state actors involved in a conspiracy with state actors.

### iii. Due Process - Fourteenth Amendment

The Fourteenth Amendment prohibits state deprivations of life, liberty, or property without due process of law. Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir.1984). To state a claim, Gale must allege that state actors deprived him of property to which he had a legitimate claim of entitlement without the process he deserved. Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998). Police officers are considered state actors. Id. Furthermore, "it is well established that possessory interests in property invoke procedural due process protections." Id. "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." Id. In Abbott, the Third Circuit held that a police officer who helped a woman take possession of a van from her ex-husband was obligated to notify the ex-husband of the seizure in advance and provide him with a meaningful opportunity to be heard. 164 F.3d at 147. Gale has sufficiently stated a claim that state actors, and those conspiring with state actors, deprived him of his property without due process of law.

5

**iv. Qualified Immunity**

Qualified immunity can protect police officers sued in their individual capacities from liability under § 1983, the Fourteenth Amendment, and the Fourth Amendment if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. Brandon v. Holt, 469 U.S. 464, 472-73 (1985); Abbott, 164 F.3d at 147; Couden, 446 F.3d at 492.  First, the Court must decide if a "clearly established" right was violated. Abbott, 164 F.3d at 147.  If so, the Court analyzes whether the police officers acted reasonably in depriving the plaintiff of this clearly established right. Id.  If the officer made a reasonable mistake as to what the law requires, he or she is entitled to qualified immunity. Couden, 446 F.3d at 492.  "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  The Fourth Amendment protection against unreasonable searches and seizures and the Fourteenth Amendment right to due process are clearly established laws.  The question remains whether or not the officers made a reasonable mistake as to what the law requires.  Answering this depends on a factual inquiry, particularly, exactly what documents were provided to the officers prior to going to the premises and what the contents of these documents were.  If the officers reasonably believed that they were entitled to assist Storti in getting Gale to vacate the premises immediately, due to the contents of the lease extension agreement, for example, then they may be entitled to qualified immunity.  Gale has stated a claim that the officers unreasonably violated clearly established laws, therefore, the motion to dismiss based on qualified immunity is denied without prejudice to raise at a later stage in the litigation.

**B. Count III: Conspiracy**

Gale claims that defendants Robert Storti, Dougherty, and Malloy conspired to deny plaintiff his constitutional rights under the Fourth and Fourteenth Amendments.  An actor who does not directly commit a violation of constitutional rights can nonetheless be held liable under § 1983 if he or she engaged in a conspiracy with others to commit such violations.  County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 175 (3d Cir. 2006).  "In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."  Pfannstiel v. City of Marion, 918 F.2d 1178, 1187 (5th Cir. 1990)(abrogated on other grounds).  To state a claim for a conspiracy, a plaintiff must allege that there was an agreement, understanding, or "meeting of the minds" to violate the plaintiff's rights.  Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008).

Gale alleges that Storti contacted and/or visited Dougherty to advise him of a potential dispute between Storti and Gale and that he provided Dougherty with eviction documents.  Gale also asserts that Dougherty ordered or allowed Malloy and the two other police officers to accompany Storti to the premises.  At this stage in the litigation and viewing the facts in the light most favorable to Gale, this is sufficient to state a claim for conspiracy.

**C. Count V: Failure to Train and Supervise**

The Court interprets Count V as a Monell claim to hold the Borough liable under § 1983 for the alleged constitutional violations discussed above.  A municipality may be held liable under § 1983 when the alleged constitutional violation "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers."  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978).  The policy in question may

7

be a failure to train and supervise employees, in which case the plaintiff must show that the failure amounts to "deliberate indifference" to the rights of the persons with whom the employees may come into contact.  Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999).  "[I]n order for a municipality's failure to train or supervise to amount to deliberate indifference, it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights."  Id. (citing Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992).

Gale alleges that the Borough had a policy of condoning "unlawfully assisting certain private persons, including landlord seeking evictions/ejectments, without compelling legally required documents prior to providing such assistance . . . ." (Complaint, ¶ 71).  Gale also alleges that the Borough failed to properly train police officers regarding assistance with evictions.  Under a notice pleading standard, Gale has sufficiently stated a claim against the Borough under § 1983.

**D.  Count II: Assault**

Gale alleges that Malloy assaulted him pursuant to the customs and policies of the Department and the Borough in violation of the Fourth and Fourteenth Amendments.  Assault, however, is a state law tort claim.  The complaint fails to state a state law claim and therefore the motion to dismiss is granted without prejudice as to assault.

**E.  Count IV: Negligence**

Gale alleges that the defendants were negligent, but it is unclear against which defendant(s) he is bringing this claim.  Gale seems to concede that he cannot bring a negligence

claim under § 1983, but that he can bring a claim based on reckless conduct.  Gale cites case law that discusses if unintentional behavior that is reckless or negligent is sufficient to invoke the protections of the due process clause.  Metzger v. Osbeck, 841 F.2d 518, 520 n. 1 (3d Cir.1988).  The Third Circuit noted that "when a state actor has 'infringed a liberty interest by intentional conduct, gross negligence, or reckless indifference, or an established state procedure, the matter is actionable under section 1983.' Id. (citing Colburn v. Upper Darby Township, 838 F.2d 663, 668 (3d Cir.1988)).  It is entirely unclear whether Gale is alleging a state law tort claim of negligence, or whether he is asserting that the defendants' reckless conduct infringed on his constitutional rights and is therefore actionable under § 1983.  Additionally, Gale does not specify which defendants allegedly were negligent or reckless.   The motion to dismiss as to the negligence claim is granted without prejudice.

**F.  Count VI: Conversion and Count VII: Unjust Enrichment**

Counts VI and VII are asserted only against the Storti defendants, who have not moved to dismiss any claims at this stage in the litigation.

**G.  Claims Against Police Officers in Their Official Capacity**

Suits against state officials in their personal (or individual) capacity seek to recover damages from an official for actions taken under color of state law.  Hafer v. Melo, 502 U.S. 21, 25 (1991).  Officials sued in their personal capacity may be personally liable for damages under § 1983.  Id.  State officers sued in their official capacity, except in suits requesting injunctive relief, "assume the identity of the government that employs them." Id. at 27.  See Hafer v. Melo, 502 U.S. at 25 ("Although 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" (citing Will v. Mich. Dep't.

9

of State Police, 491 U.S. 58, 71 (1989))); Id. at 25 (quoting Kentucky v. Graham, 473 U.S. 159 (1985) in saying that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); Brandon v. Holt, 469 U.S. 464, 471-472  (1985), ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents").  Therefore, the claims against the officers in their official capacity are redundant with the Monell claims against the Borough and are dismissed.

<u>ORDER</u>

**AND NOW**, this   19th   day of March, 2009, it is **ORDERED** that Defendants' Motion to Dismiss (Doc. #3) is **GRANTED** in part and **DENIED** in part:

- All claims against the Borough of Conshohocken Police Department are dismissed, as conceded by Plaintiff.

- All claims for punitive damages against the Borough of Conshohocken are dismissed, as conceded by Plaintiff.

- All claims against Officers Dougherty and Malloy in their official capacities are dismissed as redundant with Plaintiff's claims against the Borough of Conshohocken.

- The claim that Kurt Gale's person was seized in violation of the Fourth Amendment is dismissed as to all defendants.

- The assault claim is dismissed without prejudice as to all defendants.

- The negligence claim is dismissed without prejudice as to all defendants.

- The Motion to Dismiss is denied as to all other claims.

<u>s/Anita B. Brody</u>

<u>ANITA B. BRODY, J.</u>

Copies **VIA ECF** on _____ to:   Copies **MAILED** on _____ to: